DOW et al. v. HORNE.   (No. 660.)

(Court of Civil Appeals of Texas. Beaumont. March 10, 1921. Rehearing Denied March 23, 1921.)

Trespass to try title ⬤�señ46—Findings held in conflict and not sufficient to support judgment.

In trespass to try title where plaintiff rested his claim on 10 years' statute of limitation, and it was agreed by both parties that plaintiff was entitled to recover unless he entered on the land under a claim asserted by a certain other person to a certain 15 acres of the land, answers of jury that plaintiff did not live on such 15 acres under a claim asserted by such third person was in conflict with another finding that if plaintiff did settle on such 15 acres he extended his improvements outside of the 15 acres, and a judgment for plaintiff on the theory that he did not settle on the 15 acres cannot be sustained; the answer to the issue as to extending improvements outside the 15 acres not carrying with it a finding as to when such extension was made.

Appeal from District Court, Tyler County; D. F. Singleton, Judge.

Action by Bill Horne against Andrew Dow and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Coleman & Lowe, of Woodville, for appellants.

J. A. Mooney, of Woodville, for appellee.

WALKER, J. This is an action in trespass to try title by Bill Horne, as plaintiff, against the appellants as defendants, to

recover an undivided interest of 160 acres in a survey of 650 acres in Tyler county, Tex. The plaintiff rested his claim on the ten years' statute of limitation.

It seems to be agreed by both parties that the plaintiff was entitled to recover, unless the evidence shows that he entered on the land under a claim asserted by Vince Bailey to 15 acres of the land.

In answer to question No. 2, the jury found that Horne did not live on the Vince Bailey 15 acres. In answering question No. 3, they found that if he did settle on the Vince Bailey 15 acres, he extended his improvements outside of the 15 acres. The answer to the third issue does not carry with it a finding as to when such extension was made, and therefore could not be the basis of a judgment for plaintiff. There is a direct conflict in the answers to these two questions, and a judgment for Bill Horne on the theory that he did not settle on the Vince Bailey land cannot be sustained.

This assignment was not made by appellants in their brief; but, as presented here, this is a question of fundamental error.

The court is very much in doubt that there is any testimony to sustain the finding of the jury that Bill Horne did not live on the Vince Bailey 15 acres; but, in view of another trial, we will not discuss the testimony on this issue.

Reversed and remanded.